IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02742-GPG

KENNETH J. CARROLL,

      Plaintiff,

v.

MYRON G. ALEXANDER,
JOSEPH J. GUAGLIARDO, and
DENVER POLICE DEPARTMENT,
CITY AND COUNTY OF DENVER, Denver, Colorado,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kenneth J. Carroll, is detained in the Denver County Jail.   He has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.   Mr. Carroll has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, Mr. Carroll will be ordered to file an amended complaint.

## I.   The Complaint

In the Prisoner Complaint, Mr. Carroll alleges that on July 11, 2015, at approximately 2:50 a.m., he was seized by a police officer, while another officer took

Plaintiff's backpack, as he as he approached the front door of his home.   Plaintiff alleges

that his person and backpack were searched and he was placed in the back of a patrol car

after "suspected heroine" was found.   (ECF No. 1 at 3).   Police officers then ran an

"NCIC" and "came back with warrants for [Plaintiff's] arrest."   (*Id*.).   After conversing

outside the police car, the Defendants opened the doors of the vehicle and physically

assaulted Plaintiff, punching him in the face and hitting him with a nightstick with enough

force to break Plaintiff's rib.   Following the assault, Mr. Carroll suffered shortness of

breath.   An ambulance was called to take him to the hospital, where he suffered seizures

and cardiovascular arrest.   Mr. Carroll claims that he was subjected to an unreasonable

search and seizure, and the use of unlawful excessive force, in violation of his Fourth

Amendment rights; and that the Defendants deliberately destroyed his personal property

during the search (including four cell phones and two tablets).   Mr. Carroll further asserts

that he was harassed and arrested by the Defendants because he is "white in a

predominantly black neighborhood."   (ECF No. 1 at 7).   Plaintiff requests monetary and

equitable relief.

## II.   Analysis

### A.   Denver Police Department

The Complaint is deficient to the extent Plaintiff is asserting claims against the

Denver Police Department.   The police department is not an entity separate from the City

and County of Denver and, therefore is not a person subject to suit under § 1983.   *See*

*Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir.

1993).

Furthermore, to hold the City and County of Denver liable under 42 U.S.C. § 1983, Mr. Carroll must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the constitutional injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).   Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.   Accordingly, Mr. Carroll will be afforded an opportunity to file an Amended Complaint to state an arguable § 1983 claim against the City and County of Denver.

### B.  Fourth Amendment Claims

Mr. Carroll's Fourth Amendment claims that he was subjected to an unreasonable search and seizure that was motivated by reverse racial profiling essentially ask this Court to interfere with an ongoing state criminal proceeding, which is prohibited, absent extraordinary or special circumstances.   *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."   *Phelps*, 122 F.3d at 889.   The abstention principles of *Younger* are jurisdictional   and apply whether the

plaintiff seeks equitable or monetary relief.   *See D.L. v. Unified School Distr. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir.1981).

Under the first condition for *Younger* abstention, Mr. Carroll should clarify in the Amended Complaint whether there is an ongoing state criminal proceeding stemming from his arrest on July 15, 2015.   Assuming an ongoing state criminal proceeding, the second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."   *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).   Under the third condition, Mr. Carroll will have an opportunity to raise his Fourth Amendment claims during the state criminal proceeding and there is no reason to believe his claims will not be given full and proper consideration by the state courts. *See Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1254 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

Mr. Carroll "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.   It is the Plaintiff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."   *Id.*   Mr. Carroll does not allege any facts to suggest that the criminal prosecution was commenced in bad faith or merely for the purpose of harassment.   His conclusory assertions that he was harassed because of his race are insufficient.

Finally, Mr. Carroll has not shown an irreparable injury stemming from the state court criminal prosecutions.   The fact that he will be forced to stand trial on the criminal charges does not establish great and immediate irreparable injury.   *See Phelps*, 122 F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger,* 401 U.S. at 46).

Generally, where *Younger* abstention is appropriate, a plaintiff's § 1983 claims for damages will be stayed pending resolution of the state criminal proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (a district court finding that *Younger* abstention is required should stay claims for monetary relief that cannot be redressed in the state proceeding); *see also Wallace v. Kato*, 549 U.S. 384, 393-94   (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings

that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

To summarize, Mr. Carroll should clarify in the Amended Complaint whether there is an ongoing state criminal proceeding stemming from his July 11, 2015 arrest, on what charge(s) he is being prosecuted, and whether any exceptions to *Younger* abstention apply.   *Younger* abstention may not apply to the excessive force claim, unless Plaintiff has been charged with resisting arrest.   *See*, *e.g.*, *Brooks v. Gaenzle*, No. 06-cv-01436-EWN, 2007 WL 2697602, at * 4 (D. Colo. 2007) (allowing excessive force claim to proceed); *Booth v. Sherman*, 66 F.Supp.3d 1069, (N.D.Ill. 2014) (concluding that *Younger* abstention applied to § 1983 plaintiff's excessive force claim where plaintiff was being prosecuted in state court on a charge of resisting arrest).

### C.   Fourteenth Amendment Due Process Claim

Mr. Carroll asserts that the Defendant police officers destroyed his personal property.   Because Plaintiff is seeking relief under § 1983, the Court liberally construes his allegations as asserting a violation of his Fourteenth Amendment due process rights.

A state official's unpredictable or random and unauthorized deprivation of property does not violate the Fourteenth Amendment if the plaintiff had an adequate post-deprivation remedy, such as a state law tort claim.   *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).   Colorado law provides adequate post-deprivation remedies, such as a cause of action for conversion or replevin.   *See*, *e.g.*, *City and County of Denver v. Desert Truck Sales*, *Inc.,*

837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personally

property was wrongfully detained by Denver police was a conversion-based tort claim);

*see also* COLO.REV.STAT. § 24-10-118 (2013) (waiving sovereign immunity for public

employees whose tortious conduct was wilful and wanton).    The allegations of the

Complaint fail to show an arguable deprivation of Mr. Carroll's due process rights based

on the Defendants' intention destruction of his personal property.    Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order,**

an Amended Complaint, on the court-approved Prisoner Complaint form, that complies

with the directives in this order.    It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff a copy of

the court-approved Prisoner Complaint form.    It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within the

time allowed, the Court will review the allegations of the original Complaint, which may

result in the dismissal of one or more Defendants without further notice.

DATED January 7, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

7